UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS CASEY GUILLEN, III, | Case No. 1:19-cv-00957-SKO (PC) |
| Plaintiff, | **ORDER DIRECTING DEFENDANT TO FILE RESPONSIVE PLEADING** |
| v. | 30-DAY DEADLINE |
| SULLIVAN, | |
| Defendant. | **FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFF'S STATE-LAW CLAIMS** |
| | 21-DAY DEADLINE |
| | Clerk of Court to assign a District Judge |

Defendant Sullivan has removed this action from state to federal court pursuant to 28 U.S.C. section 1441. (Doc. 1.) In his complaint, Plaintiff Marcos Casey Guillen, III, alleges violations of the Fourteenth Amendment and state regulations. (*See* Doc. 1 at 6-13.) The Court has original and supplemental jurisdiction under 28 U.S.C. sections 1331, 1343, and 1367.

Defendant requests that the Court screen Plaintiff's complaint pursuant to 28 U.S.C. section 1915A. (Doc. 1 at 2.) Because Plaintiff is a state prisoner seeking relief against a state actor, screening is mandatory in this action. *See* 28 U.S.C. § 1915A(a). Accordingly, the Court grants Defendant's request.

Upon screening, the Court finds that Plaintiff states a viable equal protection claim, but he fails to state cognizable claims under state regulations. The Court further finds that, as a matter of

law, Plaintiff is unable to cure the deficiencies in his pleading with respect to his state-law claims; thus, the Court RECOMMENDS that these claims be DISMISSED. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). The Court ORDERS Defendant to file a responsive pleading to Plaintiff's complaint within 30 days.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the

liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation under Section 1983

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III. DISCUSSION

### A. Plaintiff's Allegations

Plaintiff's allegations stem from his incarceration at California Correctional Institution (CCI). (*See* Doc. 1 at 6-9.) Plaintiff alleges Warden Sullivan is discriminating against Native Americans/American Indians by not appointing a Native American inmate to CCI's Inmate Advisory Council (IAC) and to the Men's Advisory Councils (MACs) at each building on "B" yard. (*See id.* at 6-7.) Plaintiff alleges that White, Black, and Mexican inmates have representatives for their ethnic or racial groups on the IAC and MACs, but Native American inmates do not. (*Id.*) Plaintiff alleges Warden Sullivan is charged with making appointments to

the IAC and MACs by Title 15 of the California Code of Regulations; and, he argues, Sullivan is violating sections 3004 and 3391 of Title 15 and the Fourteenth Amendment by not appointing Native Americans to the councils. (*See id.*)

**B. Plaintiff's Claims for Relief**

    1. <u>Equal Protection Violation</u>

"The Equal Protection Clause [of the Fourteenth Amendment] requires the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008) (citation omitted). To state an equal protection claim under section 1983, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (citations omitted). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) (emphasis removed) (citation omitted).

"The first step in equal protection analysis is to identify the state's classification of groups." *Country Classic Dairies, Inc. v. State of Mont., Dep't of Commerce Milk Control Bureau*, 847 F.2d 593, 596 (9th Cir. 1988). "To accomplish this, a plaintiff can show that the law is applied in a discriminatory manner or imposes different burdens on different classes of people." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995).

"The next step … [is] to determine the level of scrutiny." *Country Classic Dairies*, 847 F.2d at 595. "Classifications based on race," for example, "are subject to strict scrutiny," *Freeman*, 68 F.3d at 1187, whereas classifications based on gender are subject to "intermediate scrutiny," *Navarro v. Block*, 72 F.3d 712, 716 (9th Cir. 1995) (citations omitted). "Under strict scrutiny, the government has the burden of proving that racial classifications are narrowly tailored measures that further compelling governmental interests." *Johnson v. California*, 543 U.S. 499, 505 (2005) (internal quotation marks and citation omitted). In the prison context, the "necessities of prison security and discipline … are a compelling government interest justifying only those uses of race that are narrowly tailored to address those necessities." *Id.* at 512 (internal quotation marks and citation omitted).

Plaintiff states a cognizable equal protection claim. Leniently construed, *see Hebbe*, 627 F.3d at 342, Plaintiff's complaint alleges that Defendant has denied representation of Native Americans on the IAC and MACs, while providing such representation for other racial and ethnic groups. (*See* Doc. 1 at 6-7.) At the screening stage, without briefing on the matter, the Court is unable to consider the purported governmental interest, if any, in the alleged disparate treatment, whether such treatment is narrowly tailored, or whether such treatment is made without discriminatory intent. *See Johnson*, 543 U.S. 499 at 512; *Freeman*, 68 F.3d at 737. At this stage, Plaintiff must simply allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). Under this standard, Plaintiff states a viable equal protection claim.

2. Violation of State Regulations

Plaintiff alleges Defendant violated title 15, sections 3004(a) and 3391(a), of the California Code of Regulations by denying Native American representation on the IAC and MACs. (*See* Doc. at 7.) Section 3004(a) reads:

> Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees. Inmates and parolees have the responsibility to treat others in the same manner….

Section 3391(a) reads:

> Employees shall be alert, courteous, and professional in their dealings with inmates, parolees, fellow employees, visitors and members of the public. Inmates … shall be addressed by their proper names, and never by derogatory or slang reference. Prison numbers shall be used only with names to summon inmates via public address systems. Employees shall not use indecent, abusive, profane, or otherwise improper language while on duty. Irresponsible or unethical conduct or conduct reflecting discredit on themselves or the department … shall be avoided by all employees.

First, as discussed in section II.B, *supra*, section 1983 provides a cause of action for the violation of constitutional or other *federal* rights, not for violation of *state* regulations. Second, the above state regulations do not create a private right of action. *See Hubbard v. Johnson*, No. 19-cv-04136-JST, 2019 WL 5579507, at *4 (N.D. Cal. 2019); *see also Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW, 2009 WL 1211372, at *9 (E.D. Cal. 2009) ("Court has found no authority to support a finding that there is an implied private right of action under Title 15"); *Roberts v. Beard*, No. 15-cv-1044-WQH-RBM, 2019 WL 332704, at *12 (S.D. Cal. 2019)

(same). "Section 3004 sets forth general guidelines encouraging inmates, parolees, and officials to treat each other with respect and dignity; … [and] Section 3391 discusses employee conduct." *Hubbard*, 2019 WL 5579507, at *4. Although section 3391 provides procedures for non-inmates to file citizen's complaints, Cal. Code Regs. tit. 15, § 3391(b)-(c), and section 3084 provides an administrative grievance system for inmates, *id.* §§ 3084.1-3084.9, "[t]he existence of regulations … governing the conduct of prison employees does not necessarily entitle Plaintiff to sue civilly [in court] to enforce the regulations or to sue for damages based on the violation of the regulations." *Chappell*, 2009 WL 1211372, at *9. Thus, Plaintiff may not pursue an independent claim under section 3004 or 3391 of Title 15.

## IV. RECOMMENDATIONS AND ORDER

For the reasons set forth above, the Court finds that that Plaintiff is unable to cure the deficiencies in his complaint with respect to his claims under Title 15 of the California Code of Regulations. Accordingly, the court RECOMMENDS that these state-law claims be DISMISSED. The Court DIRECTS the Clerk of Court to assign a District Judge to this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **21 days** of the date of service of these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Based on the above, and pursuant to Defendant's request (*see* Doc. 1 at 2), the Court ORDERS Defendant to file a responsive pleading to Plaintiff's complaint (Doc. 1), addressing only Plaintiff's constitutional claims, within **30 days** of the date of service of this order.

IT IS SO ORDERED.

Dated: **January 29, 2020**          /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE