# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS CASEY GUILLEN, III,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SULLIVAN,<br><br>　　　　　Defendant. | Case No. 1:19-cv-00957-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. 11)<br><br>21-DAY DEADLINE |

On January 29, 2020, the undersigned screened Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A and found that it states a cognizable claim under 42 U.S.C. § 1983. (Doc. 7.) The undersigned issued findings and recommendations, recommending that Plaintiff's equal protection claim proceed and that all other claims be dismissed. (*See id.*) The assigned District Judge adopted the findings and recommendations on April 3, 2020. (Doc. 15.) This case now proceeds on Plaintiff's equal protection claim against Defendant. (*Id.*)

Before the Court is Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. 11.) Plaintiff filed an opposition to Defendant's motion on March 6, 2020, to which Defendant filed a reply.[1] (Docs. 12, 13.) For the reasons set forth below, the Court recommends that Defendant's motion be denied.

---

[1] Plaintiff filed a reply to Defendant's reply on March 25, 2020. (Doc. 14.) Plaintiff, as the non-moving party, is not authorized to file a reply. *See* Local Rule 230(l). Therefore, the Court disregards this filing.

## I. PLAINTIFF'S COMPLAINT

Plaintiff is incarcerated at California Correctional Institution (CCI) in Tehachapi, California. (*See* Doc. 1 at 6.) Plaintiff alleges that, pursuant to Title 15 of the California Code of Regulations, each warden at every California prison is required to establish an inmate advisory council (IAC) that is representative of the ethnic groups at the institution. (*Id.*) According to Plaintiff, the "Mexicans, Blacks, … and Whites … have inmates on Men's Advisory Council (MAC) [at CCI] that represent each of their ethnic [or] race group but the Native Americans/Indians … do not." (*Id.* at 6-7.) Plaintiff alleges that, pursuant to California regulations, Warden Sullivan "is responsible for the Native American [i]nmates not having a Native American … representing them in each building like the other ethnic groups." (*Id.* at 6.) Plaintiff alleges that the lack of representation amounts to racial discrimination. (*Id.*)

Plaintiff filed an administrative grievance regarding this matter on September 21, 2018. (*Id.* at 7, 8.) The CDCR Office of Appeals denied Plaintiff's grievance at the third level of review. (*Id.* at 13.) In CDCR's second-level response, the reviewer stated that the "selection of IAC representatives is by majority vote by secret ballot to representatives, the general body or executive body, which is monitored by institution staff…. Non-inmates cannot nominate or select IAC representatives." (*Id.* at 12.) In CDCR's third-level response, the reviewers stated that, according to the CDCR Operations Manual, "IAC representation shall be provided for all ethnic segments of the general inmate population…. This shall be accomplished through the election of all IAC representatives by the entire inmate population or by only those inmates of each ethnic segment of the population." (*Id.* at 13.)

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In resolving a 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008) (internal quotation marks and citations omitted). Dismissal is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged

under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). In addition, the Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).

### III. DISCUSSION

"The Equal Protection Clause [of the Fourteenth Amendment] requires the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008) (citation omitted). To state an equal protection claim under section 1983, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (citations omitted). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) (emphasis removed) (citation omitted).

"The first step in equal protection analysis is to identify the state's classification of groups." *Country Classic Dairies, Inc. v. State of Mont., Dep't of Commerce Milk Control Bureau*, 847 F.2d 593, 596 (9th Cir. 1988). "To accomplish this, a plaintiff can show that the law is applied in a discriminatory manner or imposes different burdens on different classes of people." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995).

"The next step … [is] to determine the level of scrutiny." *Country Classic Dairies*, 847 F.2d at 595. "Classifications based on race," for example, "are subject to strict scrutiny," *Freeman*, 68 F.3d at 1187, whereas classifications based on gender are subject to "intermediate

| | |
|---|---|
| 1 | scrutiny," *Navarro*, 72 F.3d at 716 (citations omitted). Classifications not based on a "suspect" |
| 2 | class like race or gender are subject to "rational-basis review." *Romer v. Evans*, 517 U.S. 620, |
| 3 | 631 (1996); *Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993) (citations omitted). |
| 4 |     "Under strict scrutiny, the government has the burden of proving that racial classifications |
| 5 | are narrowly tailored measures that further compelling governmental interests." *Johnson v.* |
| 6 | *California*, 543 U.S. 499, 505 (2005) (internal quotation marks and citation omitted). In the |
| 7 | prison context, the "necessities of prison security and discipline … are a compelling government |
| 8 | interest justifying only those uses of race that are narrowly tailored to address those necessities." |
| 9 | *Id.* at 512 (internal quotation marks and citation omitted). |
| 10 |     Leniently construing his complaint, Plaintiff states a cognizable equal protection claim. |
| 11 | Plaintiff alleges that Defendant has denied representation of Native Americans on the IAC or |
| 12 | MAC, while providing such representation to other racial or ethnic groups. (Doc. 1 at 6-7.) As |
| 13 | stated in section II, *supra*, the Court's review is limited to the allegations in Plaintiff's complaint |
| 14 | and the exhibits attached to the complaint. *See Manzarek*, 519 F.3d 1025, 1030-31 (9th Cir. |
| 15 | 2008). Thus, as with screening, the Court is unable to consider the purported governmental |
| 16 | interest, if any, in the alleged disparate treatment, whether such treatment is narrowly tailored, or |
| 17 | whether such treatment is made without discriminatory intent. *See Johnson*, 543 U.S. 499 at 512; |
| 18 | *Freeman*, 68 F.3d at 737. "To survive a motion to dismiss," Plaintiff must simply allege |
| 19 | "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." |
| 20 | *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). Plaintiff states a |
| 21 | cognizable claim under this standard. |
| 22 |     In his motion to dismiss, Defendant contends that there is no "causal connection |
| 23 | [between] any of Defendant Sullivan's actions and the lack of Native American [representation] |
| 24 | on the IAC or MAC." (Doc. 11-1 at 5.) Defendant asserts that, according to the attachments to |
| 25 | Plaintiff's complaint, "[i]nmates, like Plaintiff and other Native American inmates, are |
| 26 | responsible for the election of their representatives. Warden Sullivan does not select the inmate |
| 27 | representatives." (Doc. 13 at 3.) Defendant points to CDCR's third-level response, attached to |
| 28 | Plaintiff's complaint, which provides that the "selection of IAC representatives is by a majority |

vote via secret ballot to representatives, the general body, or the executive body…. Non-inmates, such as Defendant Warden Sullivan, cannot nominate or select IAC representatives." (*Id.*)

Plaintiff does not dispute that inmates vote for IAC representatives. (*See* Doc. 12.) He instead asserts that "Native Americans were not given the opportunity to participate in the selection process for representatives as much as the other ethnic groups," and that Warden Sullivan is "in charge" and has "discretion" over the establishment of the IAC. (*See id.* at 1-2.)

The Court accepts as true Defendant's contention that he cannot nominate or select IAC or MAC representatives. Plaintiff does not contest this fact (*see* Doc. 12 at 1-2), and it is explicitly stated in an attachment to Plaintiff's complaint (Doc. 1 at 12).

Even if this is the case, Plaintiff's complaint nonetheless states a cognizable equal protection claim. The Court can think of a number of scenarios under which the election process may be set up to favor or disfavor particular racial or ethnic groups. The CDCR Operations Manual, cited in the attachment to Plaintiff's complaint and in Defendant's reply, states that "IAC representation shall be provided …. through the election of all IAC representatives by the entire inmate population or by only those inmates of each ethnic segment." (*Id.* at 13; Doc. 13 at 3.) According to this provision, the election can be set up so that a certain number of representatives are chosen by racial/ethnic subsets of the inmate population while others are not. For example, if inmates are voting for three representatives, the election can be set up so that all White inmates vote for one representative, all Black inmates for another representative, and all other inmates for the third representative. Plaintiff's complaint does not state whether this is the case, but it is certainly plausible based on its allegations.

As set forth above, in resolving Defendant's motion, the Court is unable to consider evidence outside the pleadings regarding the IAC selection process, *see Manzarek*, 519 F.3d at 1030-31 (9th Cir. 2008), or whether the process advances a compelling governmental interest. Based only on the pleading and attachments thereto, and under the liberal pleading standard, the Court concludes that Plaintiff's complaint states an equal protection claim that is plausible on its face. *See Iqbal*, 556 U.S. at 678; *Hebbe*, 627 F.3d 338, 342. This is sufficient to survive a 12(b)(6) motion.

5

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS that Defendant's motion to dismiss (Doc. 11) be DENIED. These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days of the date of service of these Findings and Recommendations, Defendant may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 14, 2020**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE